[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process case. The issue to be addressed is whether the tenant, Dawn Evans, ought to prevail on her eleventh hour effort to forestall eviction.
The facts are essentially uncontroverted. A notice to quit, based on nonpayment of rent for the month of June, 1996, was served on June 17, 1996. An entirely proper complaint was served on July 16, 1996. The defendant did not file an appearance, and a motion for default for failure to appear was granted on August 6, 1996, and notice was, presumably, properly sent. An execution was issued by the court on August 19, 1996; through this time, there was nothing filed by the defendant.
On October 17, 1996, an appearance was filed on behalf of Ms. Evans, the defendant, by an attorney, and on the same day the court granted a temporary injunction staying the execution of the judgment until a hearing could be held. The papers in support of the injunction alleged that the defendant did not respond earlier to the various documents because she didn't understand the system and, because she was paying her "rent"[1] all along, although not always on time, she felt that the landlord was no longer pursuing the eviction. She also indicated that she was suffering from a disability, but would soon be receiving benefits and was also receiving some help from several institutions.
Although these allegations were sufficient to gain the defendant a hearing, ordinarily these facts alone would not suffice to open the judgment. Clear language regarding a defendant's responsibility to appear is on the face of the summons, and, at a minimum, the clerk's office is available for questions; a judgment for failure to appear will not ordinarily be reopened for the reasons advanced by the defendant. This case presents some additional factors, however, which are not ordinarily present.
At the hearing, the defendant testified that she paid all monies due, albeit somewhat late, through September, 1996; she was late at the time for October, the month in which the hearing was held. After she had paid "rent" for several months after receiving the notice to quit, she received two letters dated CT Page 6165 September 5, 1996, from the plaintiff landlord. One stated that the plaintiff had obtained an execution from court and would have her removed from the premises unless her rental account was paid in full by September 9, 1996. The second was a form letter clearly addressed to the defendant which invited her to renew her lease which was due to expire in the end of November. The letter stated, in part, that "[w]e would like for you to remain with us as a resident and look forward to serving you in the future. . . . [W]e are assuming you will be renewing. . . ." Several paragraphs later, the letter stated in bold print, "Please keep in mind that if your lease expires and you do not come in to sign your new lease agreement, you will automatically be put on a month-to-month lease. . . ." The defendant did achieve a "zero balance" after receipt of the September letters, though it is not entirely clear whether this occurred by September 9.
If the prior notice to quit and court papers are placed in the context of the several months' of late payments and the letters from the landlord noted above, it seems difficult to deny that the actions of the landlord were not clear and unambiguous. As such, the plaintiff's ultimate ability to prevail is, at least, subject to doubt; see, e.g., Danpar Associates v. Falkha,37 Conn. Sup. 820, 824 (Appellate Session 1981); and the defendant's failure to appear, while not necessarily justified or excused, is at least understandable. Further, the equities tilt toward the defendant: her potential damage is significant and, according to her testimony, she will soon be receiving disability benefits and has the substantial likelihood of being able to pay her rent on time. At least until October, the plaintiff has been harmed relatively little, as the payments have been made. See, e.g., Norman Associates v. Vann, H-437, No. SPH-8302-17843 (Housing Session, 1983) (Aronson, J.); Fellows v. Martin,217 Conn. 57, 63 n. 9 (1991).
In the very unusual circumstances of this case, then, the judgment is ordered reopened.
Beach, J.